UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CARRIE M. HALL, <br><br> Plaintiffs, <br><br> v. <br><br> DOUGLAS COLE, *et al*., <br><br> Defendants. | Case No.  C10-5155RJB/JRC <br><br> REPORT AND RECOMMENDATION <br><br> NOTED June 25, 2010 |

This 42 U.S.C. § 1983 Civil Rights action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B) and Local Magistrate Judges' Rules MJR 1, MJR 3, and MJR 4.

Before the court is a motion for injunctive relief against a person who is not a named defendant in this action, regarding a claim that is not a part of the complaint (Dkt. # 9).  In the complaint, plaintiff claims that she was wrongly placed in administrative segregation when she returned to prison for a violation of community custody (Dkt. # 4).  The motion for injunctive relief, however, challenges medical services and who may provide those services to the plaintiff.

REPORT AND RECOMMENDATION- 1

Because the motion for injunctive relief is unrelated to the claims in the complaint, this court recommends that the motion for injunctive relief be DENIED.

The court ordered service of this action April 13, 2010.  To date, no defendant has appeared and there has been no response to the motion.

## STANDARD OF REVIEW

The basic function of injunctive relief is to preserve the status quo ante litem pending a determination of the action on the merits.  Los Angeles Memorial Coliseum Com'n v. National Football League, 634 F.2d 1197, 1200 (9th Cir. 1980).  A party seeking injunctive relief must fulfill one of two standards, the "traditional" or the "alternative."  Cassim v. Bowen, 824 F.2d 791, 795 (9th Cir. 1987).

> Under the traditional standard, a court may issue preliminary relief if it finds that (1) the moving party will suffer irreparable injury if the relief is denied; (2) the moving party will probably prevail on the merits; (3) the balance of potential harm favors the moving party; and (4) the public interest favors granting relief. . . . Under the alternative standard, the moving party may meet its burden by demonstrating either (1) a combination of probable success and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips sharply in its favor.

Id. (citations omitted).

## DISCUSSION

A.  *Parties against whom an injunction can be issued.*

Fed. R. Civ. P. 65(d)(2) outlines the persons against whom an injunction can be issued. The list includes the parties, the party's officers, agents, servants, employees, and attorneys, and other persons who are in active concert or participation with anyone described above.  Here, plaintiff asks the court to enjoin a non-defendant -- Dr. Mary Colter.  Plaintiff is an inmate and it appears Dr. Colter is a health care provider working for the DOC.  Plaintiff asks this court to enjoin Dr. Colter from treating plaintiff.  Plaintiff alleges that Dr. Colter "sexually assaulted her"

REPORT AND RECOMMENDATION- 2

in the past.  Plaintiff's conclusory, unsupported allegation does not fulfill either the traditional test or the alternative test for injunctive relief.  Plaintiff has made no attempt to address either the likelihood of success on the merits of her complaint, the claimed irreparable injury, or any of the other necessary elements of such a motion.  Further, Dr. Colter is not a named defendant in this action.  The court should not intentionally or unwittingly predetermine a claim plaintiff may have against a non-party by considering plaintiff's requested motions.  The motion should be DENIED.

## CONCLUSION

The plaintiff's motion for injunctive relief unrelated to the claims in this action should be DENIED.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on June 25, 2010, as noted in the caption.

Dated this 1st day of June, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3